UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GROSS MORTGAGE CORPORATION,

    Plaintiff,

    v.

SABIR AL-MANSUR,

    Defendant.

_____/

No. C 13-0399 PJH

**ORDER REVOKING DEFENDANT'S IN FORMA PAUPERIS STATUS**

This unlawful detainer action was removed from the Superior Court of California, County of Alameda, on January 13, 2013, by pro se defendant Sabir Al-Mansur, and was remanded to the Alameda County Superior Court on March 15, 2013. Defendant has filed an appeal with the Ninth Circuit, and the case has been referred back to this court for the limited purpose of determining whether defendant's in forma pauperis status should continue or whether the appeal is frivolous or taken in bad faith. Al Mansur v. Gross Mortgage Corp., No. 13-15511, Doc. No. 2.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed in forma pauperis. Fed. R. App. P. 24(a); see 28 U.S.C. § 1915(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party must attach an affidavit that (1) shows in detail "the party's inability to pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

However, even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28

U.S.C. § 1915(a)(3).  An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous."  Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002).  An issue is "frivolous" if it has "no arguable basis in fact or law."  See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Here, in his notice of removal, defendant alleged subject matter jurisdiction based on his belief that various federal statutes created federal question jurisdiction.  The court granted defendant's motion to remand because no federal question was pled on the face of the unlawful detainer complaint.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The court clearly explained that because it lacked subject matter jurisdiction, it had no choice but to remand the case.

As it is clear that this appeal is frivolous and taken in bad faith, defendant's in forma pauperis status is REVOKED.  The clerk shall forward this order to the Ninth Circuit in case No. 13-15511.

**IT IS SO ORDERED.**

Dated:  March 25, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge